UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| Lisa Waldron<br>    Plaintiff,<br><br>American Recovery Service, Inc.<br><br>    Defendant. | Complaint<br>Jury Demand |

COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Lisa Waldron ("Plaintiff"), by and through his attorneys, Suburban Legal Group, PC, and complains of the Defendant, American Recovery Service, Inc. (hereinafter "ARSI") stating as follows:

PRELIMINARY STATEMENT

1. This is an action brought by Plaintiff against ARSI (Defendant). for violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et. seq. ("FDCPA").

2. A Debt Collector violates 15 U.S.C. Section 1692c(b) when it shares the Consumers information with a third party, not listed on the exemption list of 1692c(b)(2). *Hunstein v. Preferred Collection & Mgmt. Servs.,* No. 19-14434, (11th Cir. 2021)

JURISDICTION AND VENUE

3. Subject matter jurisdiction arises under the FDCPA, 15 U.S.C. 1692k(d).

4. Defendant is subject to the provisions of the FDCPA and to the jurisdiction of this Court pursuant to Fed. R. Civ. P. 4(k).

5. Venue is proper in the Northern District of Illinois, pursuant to 28 U.S.C. 51391 because the acts complained of were committed and / or caused by the Defendant therein.

## PARTIES

6. Plaintiff is a natural person residing in Lake County, Illinois, and a consumer as defined by 15 U.S.C. 1692a(3).

7. Defendant is a California Corporation, with a primary business address of 555 St. Charles Drive, Suite 100, Thousand Oaks, California 91360

8. Defendant is a debt collector within the meaning of 15 U.S.C. 1692a(6), in that it uses postal mail, an instrumentality of interstate commerce, across state lines for its business, the principal purpose of which is the collection of debts, and/or it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

9. At some point, Plaintiff had a consumer debt with his Lendingclub Corporation.

10. The Defendant purchased this from Lendingclub Corporation while the debt was in default.

11. This debt was for $32,186.15

12. Defendant collected on this debt.

13. Defendant decided to contact Plaintiff about the debt via written correspondence. See Exhibit

14. However, rather than preparing and mailing a collection letter on its own, Defendant sent information regarding Plaintiff and the Debt to a commercial "mail house"

15. This mail house or "letter vendor" is a third party that is not listed on the exceptions laid out in 15 U.S.C. Section 1692c(b).

16. Plaintiff's rights to privacy have been invaded by Defendant.

17. Defendant disclosed to the mail house:

    a    Plaintiff's status as a debtor;

    b    The fact that the debt was delinquent and being collected upon by Defendant.

    c    The fact that Plaintiff allegedly owed $32,186.15;

    d    All of the legal language of 15 U.S.C. Section 1692g(a)

    e    All of the account numbers

18. The mail house then populated some or all of this information into a prewritten template, printed, and mailed the letter to Plaintiff's residence in Illinois. See Exhibit.

19. Moreover, mail house employees saw the above stated information with their own eyes.

15. The FDCPA defines "communication" at 15 U.S.C. 1692a(3) as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

16. The sending of an electronic file containing information about Plaintiff's debt to a mail house is therefore a communication.

17. Defendant's communication to the mail house was in connection with the collection of a Debt since it involved disclosure of the Debt to a third-party with the objective being communication with and motivation of the consumer to pay the alleged Debt.

18. Plaintiff never consented to having his personal and confidential information, concerning the Debt or otherwise, shared with anyone else.

19. In limiting disclosures to third parties, the FDCPA states, at 15 U.S.C. § 1692c(b):

> "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a CQ.nsum.e.r.-c.ep.Q.Üj.ng-ag.engy if othenwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." (emphasis added).

20. The mail house used by Defendant as part of its debt collection effort against Plaintiff does not fall within any permitted exception provided for in 15 U.S.C. § 1692c(b).

21. Due to Defendant's communication to this mail house, information about Plaintiff, her financial situation, and her home address are all within the possession of an unauthorized third-party.

22. If a debt collector "conveys information regarding the debt to a third party - informs the third party that the debt exists or provides information about the details of the debt - then the debtor may well be harmed by the spread of this information." *Brown* v. *Van Ru Credit corp.*, 804 F.3d 740, 743 (6th Cir. 2015).

23. Defendant's unlawfully communicates with the unauthorized third-party mail house solely for the purpose of streamlining its generation of profits without regard to the propriety and privacy of the information which it discloses to such third-party,

24. In its reckless pursuit of a business advantage, Defendant disregarded the known, negative effect that disclosing sensitive medical information to an unauthorized third-party has on consumers.

25. Defendant has hired the aforementioned law firm to represent him in this matter and is obligated to pay its reasonable fees or has assigned his rights to fees and costs to the aforementioned firm.

## COUNT 1
## DEFENDANT'S VIOLATIONS OF THE FDCPA

26. Plaintiff adopts and incorporates paragraphs 1 — 25 as if fully stated herein.

27. Defendant violated 15 U.S.C. 1692c(b) when it disclosed information about Plaintiff's purported ACH debt to the employees of an unauthorized third-party mail house in connection with the collection of the Debt.

28. Defendant violated 15 U.S.C. 1692f by using unfair means in connection with the collection a debt, to wit, knowingly disclosing sensitive personal information about Plaintiff, to third parties not expressly authorized under the FDCPA.

29. Defendant conduct renders it liable for the above-stated violations of the FDCPA, and Plaintiff is therefore entitled to statutory damages not to exceed $ 1,000 as well as other relief.

30. Defendant intentionally made these communications in order to gain an advantage over other debt collectors and generate additional profits.

31. By its conduct, Defendant is liable under the FDCPA for statutory damage up to $1,000 and other compensation.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment against Preferred, for:

(a) Statutory damages of $1,000.00, pursuant to 15 U.S.C. 1692k(a)(2)(A); (b) Actual damages, pursuant to 15 U.S.C. 1692k(a)(2)(A); (c) Reasonable costs & attorneys' fees under to 15 U.S.C. 1692k(a)(3); and,

(d) Such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted November 23, 2021, by:

By: /s/ John P. Carlin, Esq.
John P. Carlin, Esq.
1305 Remington Road, Suite C
Schaumburg, Il 60173
Tel: 847-843-8600
Fax: 847-843-8605
jcarlin@suburbanlegalgroup.com
*Attorney for Plaintiff*